```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF VIRGINIA
                          CHARLOTTESVILLE DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:07CR50005-2 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| JUSTINA JONES, | ) | |
| | ) | By:   B. WAUGH CRIGLER |
| Defendant. | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned a multiple count Indictment charging defendant in Count One with knowingly combining, conspiring, confederating, and agreeing with persons known and unknown to the Grand Jury, to knowingly and intentionally distribute, or possess with the intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), all in violation of Title 21, United States Code, Section 846. In the lesser included offense of Count One of the Indictment, the defendant is charged with conspiring or agreeing to distribute more than five grams, but not as much as fifty grams, of cocaine base, also known as "crack".

On April 3, 2007, a plea hearing was conducted before the undersigned, and the defendant entered a plea of guilty to a lesser included offense of Count One of the Indictment pursuant to a plea agreement between defendant and the government. In exchange for her plea of guilty to the lesser included offense of Count One, the government agreed to ask for the dismissal of Count One.

At this hearing the defendant was placed under oath and testified that her full legal name is Justina Jones, she was born on December 21, 1985, and she attended high school through the eleventh grade. The defendant stated that she can read, write, and understand the English language. The defendant stated that she was fully aware of the nature of the charges against her and the consequence of pleading guilty to those charges. The defendant further testified that she was not under the influence of alcohol, medicine, or drugs. The defendant stated that she had no other physical or mental condition which impaired her ability to understand the nature of the proceedings being held. The defendant's counsel stated he had no reservations about the defendant's competency to enter a plea of guilty to the offense.

The defendant testified that she had received a copy of the Indictment pending against her and that she had fully discussed the charges therein, and her case in general, with her counsel. She also testified that she had read the plea agreement in its entirety and had discussed the plea agreement with her counsel before signing it. The defendant stated that she understood the terms of the agreement and that the document presented to the court set forth her agreement with the government in its entirety. The defendant specifically testified that she understood that under the terms of the agreement she was waiving rights to appeal or to collaterally attack her conviction or sentence. The defendant stated she was aware that the government had reserved its right to appeal any sentence imposed below the applicable sentencing guidelines range or below the government's recommended sentence. The defendant agreed that she was waiving her right to have a jury determine beyond a reasonable doubt the facts alleged in Count One, including any facts related to sentencing. The defendant's counsel stated that he had reviewed each of the terms of the plea agreement with the defendant and was satisfied that she understood those terms.

The defendant stated that she was pleading guilty of her own free will because she was, in fact, guilty of the offense charged. The defendant also stated that no one had made any promises other than those contained in her agreement with the government, or made any assurances or threats to her in an effort to induce her plea. The defendant testified that she understood that the offense with which she is charged is a felony and that, if her plea is accepted, she will be adjudged guilty of that offense. Moreover, the defendant testified that she understood she will be required to pay a mandatory assessment of $100 and that, at the discretion of the court, she may also be denied federal benefits, as that term is defined in 21 U.S.C. § 862(a), for a period of years or indefinitely, as set forth in the plea agreement. The defendant acknowledged that she consented to the administrative forfeiture, official use and/or destruction of any illegal firearms or contraband seized by any law enforcement agency from her possession or from her direct or indirect control. The defendant further acknowledged that she consented to forfeit any property or other asset that the government proves was used or acquired as a result of or in furtherance of her drug trafficking activities and that such a forfeiture of property is proportionate to the degree and nature of the offense she committed and does not raise any of the concerns addressed in *United States v. Austin*, 113 S.Ct. 2801 (1993). The defendant stated that she was waiving her right to raise the defense of the statute of limitations if for any reason the plea agreement is withdrawn or otherwise not consummated. The defendant stated that she understood that she must submit to the government a complete and truthful financial statement revealing all her assets and liabilities on a form provided by the government within 30 days of the date of the plea agreement. The defendant also testified that she was waiving all rights under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, to request or receive from any department or agency of the United States any records pertaining to the

investigation or prosecution of her case.

The defendant was informed that the maximum statutory penalty provided by law for Count One is life imprisonment, a $4,000,000 fine, and a period of supervised release. The defendant was also informed that the statutory minimum sentence for Count One is ten years imprisonment and a special assessment of $100. The defendant was informed that she could be sentenced to less than ten years imprisonment only if the government makes a motion pursuant to Title 18, United States Code, Section 3553(e) on her behalf, or if she qualifies for the so-called "Safety Valve" set forth in Title 18, Section 3553(f).

The defendant was informed that maximum possible penalty for the lesser included offense of Count One of the Indictment is forty years imprisonment, a $2,000,000 fine, and a period of supervised release. The defendant was informed that the lesser included offense of Count One of the Indictment carries a minimum sentence of five years imprisonment and a special assessment of $100. The defendant was informed that she could be sentenced to less than five years imprisonment only if the government makes a motion pursuant to Title 18, United States Code, Section 3553(e) on her behalf, or if she qualifies for the so-called "Safety Valve" set forth in Title 18, Section 3553(f).[1]

The defendant was informed that under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that, in light of the United States Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the sentencing guidelines are no longer

---

[1] The government agreed that the defendant might qualify for the "Safety Valve" and that it would not to object to a finding by the court that she qualifies.

mandatory but that the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that she and her counsel had discussed how the sentencing guidelines might apply in her case. The defendant also testified that she understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report had been prepared and both parties had been given an opportunity to challenge the reported facts and the application of the guidelines. The defendant stated that she understood that the eventual sentence imposed may be different from any estimate her attorney has given her and that the court has the authority to issue a sentence that is either higher or lower than that called for by the guidelines, so long as the sentence is not greater than the statutory maximum for the offense to which the defendant is pleading guilty.

The defendant stated that she understood that, contingent upon her acceptance of responsibility and continued cooperation in the sentencing process, and fulfillment of her duties under the plea agreement, the government will recommend a two-level (2) reduction under USSG § 3E1.1(a) for acceptance of responsibility[2], and because she meets the listed criteria, the government agrees that she should be granted an additional one-level (1) reduction under USSG § 3E1.1(b) if her offense level is sixteen or greater. The defendant stated that she knew that if she fulfills her obligations under the plea agreement and accepts responsibility for her conduct, the government has agreed to recommend that she be sentenced between the low end and middle of the applicable guidelines range.[3] The defendant testified she knew that the government would object to any motion

---

[2]The fact that the defendant has reserved the right to appeal certain specified pretrial rulings does not constitute a lack of acceptance of responsibility on her part.

[3]This recommendation will be made by the government whether or not it makes, and whether or not the court grants, any motion for a further reduction.

for downward departure she might make. The defendant stated she understood that any information given by her during a proffer or cooperation would not be used against her to enhance her sentence under USSG § 1B1.8.

The defendant testified that she understood that she had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if her guilty plea is accepted:

1. The right to plead not guilty to any offense charged against her;
2. The right at trial to be presumed innocent and to force the government to prove her guilt beyond a reasonable doubt;
3. The right of assistance of counsel at trial and in any subsequent appeal;
4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify in her own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses;
6. The right to decline to testify unless she voluntarily elected to do so in her own defense;
7. The right to a unanimous guilty verdict; and
8. The right to appeal a guilty verdict.

The defendant also testified that she understood that if she is adjudged guilty of the charges against her, she may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

The defendant stated that she was fully satisfied with the advice and representation given to her in this case by her counsel. The defendant testified that she understood the possible consequences of her plea and the consequences of breaching any term of the plea agreement. The defendant asked the court to accept her plea of guilty to a lesser included offense of Count One of the Indictment.

**THE GOVERNMENT'S EVIDENCE**

The defendant waived her right to have the government's Factual Summary read in open court and had no objection to the Summary. The Factual Summary having been filed in open court, the

evidence presented therein regarding the offense charged is as follows:

If this case had gone to trial, the United States asserts that the evidence would show that, between the dates of October 2005 and March 2006, Dana Monroe and Justina Jones did knowingly and willfully conspire and agree with other persons to intentionally distribute and possess with the intent to distribute 5 or more grams of crack cocaine base within the Western District of Virginia. More specifically:

As to Dana Monroe, witnesses came forward who would testify that crack cocaine was being manufactured and sold out of her residence located in the at 2200 block of North Berkshire Road, Charlottesville, Virginia, in the Western Judicial District of Virginia. Witnesses would testify that from the dates of October 2005 through March 2006, Monroe allowed Levi Finney, along with numerous other individuals, to cook powder cocaine into crack cocaine, weighing more than five grams, in her kitchen and then sell the cocaine from her residence.

While Monroe did not actively assist in cooking the powder, she was present on numerous occasions when this was taking place, provided cooking utensils, and was aware that it was crack cocaine being produced. Witnesses would testify that on several occasions, Monroe took some of the crack cocaine and sold it to individuals in order to acquire money to help pay rent and utilities. Witnesses would also testify that, on numerous occasions, Monroe drove Finney to locations for the purpose of allowing Finney to sell portions of the manufactured crack cocaine, knowing that the sale of crack cocaine was the purpose of the trip.

As for Justina Jones, witnesses would testify that Jones was staying with Monroe at the location described above and practically lived there during most of the time between October 2005 and March 2006. Witnesses would also testify that during this time, Jones was willfully present on numerous

occasions when Levi Finney, along with numerous other individuals, cooked powder cocaine into more than five grams of crack cocaine. While Jones did not actively assist in cooking the powder, she was aware that it was crack cocaine being produced. Witnesses would also testify that Jones, on several occasions, took some of the crack cocaine, sold it to individuals, and kept the money.

**FINDINGS OF FACT**

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;

2. The defendant is aware of the nature of the charges and the consequences of her plea;

3. The defendant knowingly and voluntarily entered a plea of guilty to a lesser included offense of Count One of the Indictment; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offense to which the defendant is pleading guilty.

**RECOMMENDED DISPOSITION**

Based upon the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to a lesser included offense of Count One of the Indictment and adjudge her guilty of that offense. The undersigned further DIRECTS that a presentence report be prepared. A sentencing hearing hereby is scheduled for June 25, 2007 at 9:30 a.m. before the presiding District Judge in Charlottesville.

**NOTICE TO PARTIES**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

April 16, 2007
Date